FILED
United States Court of Appeals
Tenth Circuit

June 17, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

BILLY MONROE HICKS,

Plaintiff-Appellant,

v.

JUSTIN JONES, DOC Director;
MARTY SIRMONS, OSP Warden;
MIKE PRUITT, OSP Unit Manager;
BETSY GREENWAY, OSP Case
Manager,

Defendants-Appellees.

No. 08-7099
(D.C. No. 6:07-CV-00278-RAW-SPS)
(E.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **O'BRIEN**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**GORSUCH**, Circuit Judge.

---

Billy Monroe Hicks, an Oklahoma state prisoner proceeding pro se, appeals

the dismissal of his civil rights action for failing to exhaust his administrative

remedies. *See* 42 U.S.C. § 1997e(a). He also challenges the denial of a

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

preliminary injunction or temporary restraining order (TRO) prohibiting defendants from transferring him out of protective custody. We affirm the district court's judgment.

**I**

This case stems from an altercation between Hicks and a cellmate. According to the complaint, Hicks requested to be transferred to a different cell after his cellmate exhibited troubling behavior. When the cellmate learned of this transfer request, he threatened Hicks with a razor-blade and stomped on his hand. Subsequent x-rays revealed that Hicks suffered a broken hand as a result of the incident and required surgery. Despite the surgery, however, Hicks maintains he has been unable to regain full use of his hand.

After speaking with prison staff-members, Hicks submitted an informal Request to Staff (RTS) on October 23, 2006. In his RTS, he alleged prison officials knew of his cellmate's propensity for violence but nevertheless placed him in the same cell with deliberate indifference for his safety. When more than thirty days passed without a response, however, Hicks filed a grievance with the Reviewing Authority complaining of the staff's failure to respond. When he again received no response, he resubmitted his grievance, and this time was told the issue had been resolved because he was already separated from his cellmate. R., Vol. 1 at 121. Hicks appealed to the Administrative Review Authority (ARA), which returned the grievance to the Reviewing Authority for further review. *Id.*

-2-

at 317-18. The Reviewing Authority, in turn, returned the grievance to the appropriate staff member for an amended response. *Id.* at 351. Acting on that direction, Defendant Mike Pruitt, Hicks' unit manager, replied, "You were in fact separated from [your cellmate] after your allegation that you were in danger." *Id.* at 314.

Dissatisfied with this response, Hicks appealed to the ARA. His appeal was returned unanswered, however, because it raised more than one issue. Hicks made the necessary revisions and resubmitted his appeal, but it was again returned unanswered as the matter was the subject of pending litigation. Hicks disputed the ARA's assessment that his grievance was the subject of ongoing litigation, but by then, the time for submitting his appeal had expired, and it was once again returned unanswered. Undeterred, Hicks filed his appeal a fourth time, only to have it returned unanswered for the reason previously provided. He thereafter sought permission to file his appeal out of time, but his request was denied. Hicks then brought his case to the district court.

In his complaint, Hicks claimed that defendants violated the Eighth and Fourteenth Amendments by being deliberately indifferent to his need for adequate protection. He later sought a preliminary injunction or TRO to enjoin defendants from transferring him out of protective custody. On defendants' motion, the court dismissed the complaint without prejudice for failure to exhaust administrative remedies, and denied a preliminary injunction or TRO as unrelated to the

deliberate indifference claim alleged in the complaint.  Now on appeal, Hicks insists he exhausted his remedies, at least to the extent that prison officials would allow, and he is entitled to a preliminary injunction or TRO.

**II**

We review de novo the district court's dismissal for failure to exhaust administrative remedies.  *Patel v. Fleming*, 415 F.3d 1105, 1108 (10th Cir. 2005).  The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  A prisoner must exhaust all available administrative remedies, even if the administrative procedures "appear to be futile at providing the kind of remedy sought."  *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).  "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies."  *Id.*  As a corollary, an inmate who fails to meet the time limit for filing a grievance also fails to exhaust his administrative remedies. *Id.* at 1033.

The Oklahoma Department of Corrections (DOC) requires aggrieved inmates to timely and properly complete four steps to exhaust their remedies. First, an inmate must try to resolve his complaint by speaking to an appropriate

-4-

staff member.  R., Vol. 1 at 53, § IV(A).  If the problem is not resolved verbally, the inmate must proceed to the second step and submit an informal RTS.  *Id.*, § IV(B).  If dissatisfied with the response to the RTS, an inmate must file a grievance with the Reviewing Authority to satisfy the third step of the administrative process.  *Id.* at 54, § V(A).  And at the fourth step, an inmate wishing to challenge the Reviewing Authority's response must file an appeal with the ARA.  *Id.* at 58, § VII(B).  Only after obtaining a final ruling from the ARA has an inmate exhausted the Oklahoma prison grievance process.  *Id.* at 59, § VII(D)(1).

The record clearly shows Hicks never completed the fourth step of the process.  His initial appeal concerned only the lack of a response from staff, while his other appeals were all returned unanswered for various procedural errors.  Hicks contends these errors were merely a pretext to "[a]brogate [his] constitutional rights," Aplt. Br. at 10, but this contention ignores – and does not excuse – his failure to follow the applicable procedural rules.  To properly exhaust, "prisoners must 'complete the administrative review process in accordance with the applicable procedural rules.'"  *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).  Hicks may not violate these rules until the time for pursuing his remedies has expired and then claim exhaustion by default.  *See Jernigan*, 304 F.3d at 1033.

Nevertheless, Hicks claims a judgment in his state mandamus action proves the ARA improperly rejected one of his appeals as the subject of pending litigation. In *Hicks v. Oklahoma*, No. 104,650 (Okla. Civ. App. Apr. 13, 2009) (unpublished), Hicks challenged the dismissal of his mandamus action brought to compel the DOC to rule on several grievances, including the one at issue here. The Oklahoma Court of Civil Appeals could not determine whether Hicks had exhausted his remedies for this grievance, so it remanded in part for a finding on exhaustion. *Id.* at 11-12. We fail to see how this disposition shows the ARA improperly rejected Hicks' appeal. If nothing else, the disposition demonstrates the grievance *was*, in fact, the subject of pending litigation. Under these circumstances, the district court did not err in dismissing the complaint without prejudice for failure to exhaust.

The district court did not abuse its discretion in denying a preliminary injunction or TRO. *See Wilderness Workshop v. United States Bureau of Land Mgmt.*, 531 F.3d 1220, 1223 (10th Cir. 2008) (reviewing denial of preliminary injunction for abuse of discretion); *Duvall v. Keating*, 162 F.3d 1058, 1062 (10th Cir. 1998) (applying the same standard to the denial of a TRO and noting that such rulings are not generally appealable absent irreparable harm). "A preliminary injunction is . . . appropriate to grant intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Hicks, however, sought relief on "a

matter lying wholly outside the issues in [his] suit." *Id.* Indeed, he sought to prevent his transfer out of the prison's protective custody unit, which apparently was slated for closure, but his complaint alleged that defendants failed to protect him from his cellmate. As the district court recognized, the request for a preliminary injunction/TRO due to his transfer bore no relation to the merits of the deliberate indifference claim. Consequently, the preliminary injunction was properly denied. And since a TRO preserves the status quo pending a determination of a preliminary injunction, *see* Fed. R. Civ. P. 65(b), the court was correct to deny the TRO as well.

The judgment of the district court is AFFIRMED. All outstanding motions are DENIED, and Hicks is reminded of his continuing obligation to make partial payments until his appellate filing fee is paid in full. *See* 28 U.S.C. § 1915(b).

Entered for the Court

Terrence L. O'Brien
Circuit Judge