**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 4, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

LISA RAWLINS,

　　　　Petitioner-Appellant,

v.

MILLICENT NEWTON-EMBRY,

　　　　Respondent-Appellee.

No. 09-6162

(W.D. of Okla.)

(D.C. No. 5:09-CV-00269-HE)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

　　　　Lisa Rawlins was convicted by an Oklahoma jury of first degree murder in the death of her two-year-old daughter. OKLA. STAT. tit. 21, § 701.7(C). She is currently serving a life sentence without the possibility of parole. Proceeding pro se,[1] Rawlins seeks a certificate of appealability (COA) to challenge the district

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Rawlins proceeds pro se, we construe her pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Brown v. Perrill*, 21 F.3d 1008, 1009 (10th Cir. 1994).

court's dismissal of her federal habeas corpus petition as time-barred. Rawlins argues that the court should have equitably tolled the limitations period due to her illiteracy and a nervous breakdown.

After carefully reviewing the record, we conclude Rawlins is not entitled to equitable tolling. Exercising jurisdiction under 28 U.S.C. § 2253, we therefore DENY her COA request, DISMISS her appeal, and DENY her request to proceed in forma pauperis.

## I. Background

Rawlins was convicted of first degree murder in 1993. She appealed to the Oklahoma Court of Criminal Appeals, and on November 30, 1994, the OCCA affirmed her conviction. The conviction became final on February 28, 1995, when the statutory period during which she could have applied for certiorari review expired. In her opening brief in this court, Rawlins states that in 1996 she was raped by a fellow inmate, was "harrase[d] and taunted" by fellow inmates, and suffered a nervous breakdown. She also states that she was illiterate at the time of her conviction.

Rawlins filed for state post-conviction relief on October 29, 2008. The trial court denied her claim, and the OCCA affirmed. She then filed for federal habeas relief under 28 U.S.C. § 2254 on March 3, 2009. The district court denied her federal habeas claim, and she requested a COA from this court.

## II. Discussion

A § 2254 petitioner must obtain a COA before appealing from a final order. 28 U.S.C. § 2253(c)(1)(A). A prisoner is entitled to a COA only if she has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When, as here, the district court denies the petition on procedural grounds, the petitioner must demonstrate that "reasonable jurists" would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We are encouraged to address the procedural question first, only proceeding to the constitutional question if necessary. *Id.* at 485.

### A.    AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes that state prisoners have a one-year period from the date their conviction becomes final in which to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A). For convictions that became final before the effective date of AEDPA—April 24, 1996—the Tenth Circuit recognizes a one-year grace period in which to file a federal habeas claim. *Hoggro v. Boone*, 150 F.3d 1223, 1225–26 (10th Cir. 1998). This one-year period is tolled when the prisoner is seeking post-conviction relief through the state courts. 28 U.S.C. § 2244(d)(2); *Hoggro*, 150 F.3d at 1226.

Rawlins's one-year period in which to seek federal habeas review began on April 24, 1996, the effective date of AEDPA, and expired on April 24, 1997. Her state post-conviction proceedings did not begin until October 2008, more than eleven years after the Tenth Circuit's grace period had ended. Therefore, Rawlins's habeas petition is time-barred, unless the AEDPA filing period is equitably tolled.

## B.    Equitable Tolling

Even if the habeas petition otherwise would be time-barred, a district court may equitably toll the statute of limitations if the petitioner "diligently pursues [her] claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond [her] control." *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). We review the district court's refusal to equitably toll a limitations period for an abuse of discretion, and therefore we will grant a COA only if reasonable jurists would debate whether the court's decision was an abuse of discretion. *See Fleming*, 481 F.3d at 1254 (citing *Burger v. Scott*, 317 F.3d 1133, 1137–38 (10th Cir. 2003)).

Liberally construed, Rawlins's appeal brief argues that her illiteracy and her nervous breakdown resulting from prison abuse justify equitable tolling. She also claims that she is "factually innocent of first-degree murder," Pet'r's Br. at 5,

which, if true, would entitle her to equitable tolling.  *See Burger*, 317 F.3d at 1141 (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).

A prisoner's illiteracy is insufficient to toll the statute of limitations.  *See Yang v. Archuleta*, 525 F.3d 925, 929–30, n.7 (10th Cir. 2008) (rejecting the claim that a lack of proficiency in the English language is an extraordinary circumstance, and citing with approval unpublished cases rejecting illiteracy as an extraordinary circumstance).  The district court did not abuse its discretion in denying equitable tolling on this theory.

Furthermore, Rawlins provides insufficient evidence that her nervous breakdown was an extraordinary circumstance.  Other than saying that she was attacked by a fellow inmate in 1996—she does not provide a date or even a month to narrow the time frame—she does not state when this nervous breakdown began, how long it lasted, or describe her level of impairment during this period.  The Tenth Circuit has stated in several unpublished opinions that equitable tolling because of mental illness is only warranted in circumstances such as "adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not 'capable of pursuing [her] own claim' because of mental incapacity."  *Hendricks v. Howard*, 284 F. App'x 590, 591 (10th Cir. July 17, 2008) (quoting *Reupert v. Workman*, 45 F. App'x 852, 854 (10th Cir. Sep. 3, 2002)).  Rawlins's claim that she suffered from a nervous breakdown does not

allege any of the above circumstances, therefore it was not an abuse of discretion for the district court to deny her equitable tolling based on this theory.

Finally, Rawlins's claim of actual innocence similarly fails. She asserts that she did not have the intent to commit murder, and therefore can be convicted, at most, of manslaughter. This is a claim that should have been asserted on direct appeal, and, in any event, fails on the merits. The statute under which she was convicted reads as follows: "A person commits murder in the first degree when the death of a child results from the willful or malicious injuring, torturing, maiming or using of unreasonable force by said person or who shall willfully cause, procure or permit any of said acts to be done upon the child." OKLA. STAT. tit. 21, § 701.7(C). Since this statute does not require intent to kill, her argument that she lacked specific intent is unavailing. She also claims that her husband was actually the one who killed their daughter, but the statute allows for conviction of a person who "permit[s]" these actions to be done, and therefore this claim also fails to assert actual innocence.

### III. Conclusion

For the foregoing reasons, we conclude that reasonable jurists could not debate the correctness of the district court's dismissal of Rawlins's habeas petition as time-barred. Accordingly, we DENY Rawlins's request for a COA,

DISMISS her appeal, and DENY her request to proceed in forma pauperis on

appeal.


Entered for the Court,

Timothy M. Tymkovich
Circuit Judge