**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 10, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANNY LEE GORDON,

      Petitioner - Appellant,

v.

ERIC FRANKLIN, WARDEN,

      Respondent - Appellee.

No. 11-6262
(D.C. No. 5:11-CV-00602-C)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

Petitioner Danny Lee Gordon, an Oklahoma state prisoner proceeding pro se,

seeks a certificate of appealabilty ("COA") to appeal the district court's dismissal of his

habeas petition brought pursuant to 28 U.S.C. § 2254. The district court dismissed Mr.

Gordon's petition as untimely. We have jurisdiction under 28 U.S.C. § 1291. We deny

Mr. Gordon's request for a COA and dismiss this matter.

## I.     BACKGROUND

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On October 8, 1999, Mr. Gordon entered *Alford* pleas[1] on charges of assault and battery with intent to kill and attempted first degree arson. He also pled nolo contendere to first degree arson. Mr. Gordon did not seek to withdraw his pleas or to appeal his convictions in state court.

On January 5, 2010, Mr. Gordon filed a petition for post-conviction relief in Oklahoma state district court. After that court denied relief, he appealed to the Oklahoma Criminal Court of Appeals ("OCCA"). The OCCA affirmed the district court's denial of post-conviction relief on August 26, 2010.

On May 27, 2011, Mr. Gordon filed his federal habeas petition. He argued that (1) the State and his defense counsel misrepresented the terms of his plea agreement in violation of due process under the Fourteenth Amendment; (2) in his post-conviction challenge, the state district court violated his Fourteenth Amendment due process rights by failing to address issues that he raised; and (3) in his post-conviction proceedings, the OCCA violated his Fourteenth Amendment due process rights by failing to address issues that he raised and by denying Mr. Gordon's motions to supplement the record and for an evidentiary hearing.

The federal district court referred Mr. Gordon's habeas petition to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge entered a Report and

---

[1]An *Alford* plea is "denominated as a guilty plea but accompanied by protestations of innocence." *United States v. Bounocore*, 416 F.3d 1124, 1128 n.2 (10th Cir. 2005); *see also North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

2

Recommendation on August 12, 2011, and Mr. Gordon timely objected. The district court adopted the magistrate judge's recommendations, dismissed Mr. Gordon's habeas petition as untimely, denied Mr. Gordon's request for a COA, and denied Mr. Gordon's request to proceed *in forma pauperis* on appeal. Mr. Gordon filed a timely notice of appeal on October 6, 2011.

## II.    DISCUSSION

A habeas petitioner cannot appeal from a denial of his petition unless he first obtains a COA. 28 U.S.C. § 2253(c)(1). A COA is appropriate "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When, as here, the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a COA should issue only when the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### A. *Timeliness of Habeas Petition*

The district court denied Mr. Gordon's habeas petition as untimely and therefore did not reach the merits of Mr. Gordon's constitutional claims. The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year statute of limitations to bring habeas petitions under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). The statute of limitations commences on the latest of four dates. *Id.* The district court correctly found that the relevant triggering date for Mr. Gordon's claims was "the date on which

3

the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).

In Oklahoma state courts a defendant must apply to withdraw a plea of guilty or nolo contendere within ten days of the judgment and sentence. Oklahoma Court of Criminal Appeals Rule 4.2(A). Because Mr. Gordon did not file an application to withdraw his pleas, his convictions became final on October 18, 1999.

Accordingly, under 28 U.S.C. 2244(d)(1)(A), Mr. Gordon's one-year statute of limitations period began on October 19, 1999, and ended on October 19, 2000. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Mr. Gordon filed his habeas petition on May 27, 2011, more than a decade later. Thus, we agree with the district court that his petition was untimely, absent any tolling events.

**B.** *Statutory Tolling*

During the pendency of state post-conviction relief proceedings, the one-year statute of limitations period is tolled. 28 U.S.C. § 2244(d)(2). This is the only statutory tolling possibility that appears in the record. Mr. Gordon applied for post-conviction relief in state court on January 5, 2010. However, "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Mr. Gordon's petition for state post-conviction relief cannot be the basis for statutory tolling because it was not filed during the one-year statutory period. We therefore agree with the district court that Mr. Gordon's habeas petition is not eligible for statutory tolling.

**C.** *Equitable Tolling*

4

To qualify for equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quotations omitted).

Mr. Gordon argues that ineffective assistance of counsel during his plea negotiations led him to plead guilty when he would otherwise have elected to proceed to trial. Additionally, Mr. Gordon contends that he chose not to appeal his convictions because counsel advised him that "no issues of merit warranted the filing of a notice of intent to appeal." Aplt. Br. at 17. His counsel's failings, Mr. Gordon asserts, warrant equitable tolling.[2]

Mr. Gordon, however, offers no explanation for his failure to pursue his claim for over a decade. Even if the assistance of Mr. Gordon's counsel were so deficient as to meet the "extraordinary circumstance" element of equitable tolling, Mr. Gordon has not shown he pursued his claims with diligence. *See Holland*, 130 S. Ct. at 2562. We agree with the district court that equitable tolling is not warranted.

### III.   CONCLUSION

---

[2]When Mr. Gordon accepted his plea agreement, he understood that the state would not prosecute him for an additional charge of bigamy. He now argues that Oklahoma's courts lacked jurisdiction over the bigamy charge. Because the prosecution's agreement not to prosecute him for bigamy was a condition of his plea agreement, Mr. Gordon further argues that the Oklahoma courts lacked jurisdiction over his entire plea agreement. The OCCA rejected this jurisdictional challenge during his post-conviction proceedings, and "[w]e will not second guess a state court's application or interpretation of state law on a petition for habeas unless such application or interpretation violates federal law." *Bowser v. Boggs*, 20 F.3d 1060, 1065 (10th Cir. 1994).

We find that reasonable jurists could not debate the district court's denial of Mr. Gordon's petition on the ground that it was untimely. *See Slack*, 529 U.S. at 484. His filing was outside of the statute of limitations period and there are no grounds for tolling the statute. As such, we deny Mr. Gordon's request for a COA and dismiss this matter. We also deny Mr. Gordon's request to proceed *in forma pauperis*. Mr. Gordon's motion to supplement the record on appeal is granted.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge