FILED
United States Court of Appeals
Tenth Circuit

June 18, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

LARRY DON WESLEY MAYNARD,

    Petitioner - Appellant,

v.

JERRY CHRISMAN, Warden,

    Respondent - Appellee.

No. 14-7014
(D.C. No. 6:13-CV-00027-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY AND DISMISSING APPEAL**
_____

Before **KELLY, BALDOCK,** and **BACHARACH,** Circuit Judges.
_____

Larry Don Wesley Maynard, an Oklahoma state prisoner appearing pro se,[1] seeks to appeal the district court's denial of his 28 U.S.C. § 2241 petition. The district court dismissed Maynard's petition as time-barred and denied his request for a certificate of appealability ("COA"). Although Maynard never filed a COA application with us, we construe his notice of appeal as a request for a COA. See Fed. R. App. P. 22(b)(2); see also 28 U.S.C. § 2253(c)(1)(A) (No appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a COA.); Montez v. McKinna, 208 F.3d

_____

[1] We construe pro se filings liberally. See Garza v. Davis, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

862, 869 (10th Cir. 2000) (holding that § 2253(c)(1)(A)'s requirements apply when a state habeas petitioner is proceeding under § 2241). Because Maynard's appeal is clearly time-barred, we deny his application for a COA, and dismiss his appeal.

In 1991, an Oklahoma jury convicted Maynard of "Shooting with Intent to Kill, After Former Conviction of Two Felonies," leading to a life sentence. See Maynard v. Boone, 468 F.3d 665, 667–68 (10th Cir. 2006). Maynard's § 2241 petition, which he filed in January 2013, argues the retroactive application of the 1998 amendment to Okla. Stat. tit. 57, § 332.7, violates the *Ex Post Facto* Clause and his right to due process. Maynard argues that prior to this amendment, parole consideration was annual, but under the amended version of § 332.7, he is considered for parole only every three years. He also claims his right to due process is being violated because he cannot address Oklahoma's Pardon and Parole Board personally. The district court denied Maynard's petition as time-barred under 28 U.S.C. § 2244(d)(1). This statute provides a 1-year statute of limitation, which began running in this case from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Maynard alleges in his habeas petition that he had his first parole review under the amended § 332.7, in violation of the *Ex Post Facto* Clause, in April 1998. But Maynard did not file this petition until January 2013, almost 15 years later.

Maynard raises three arguments for why his petition is nevertheless timely. All three arguments fail. First, Maynard argues "there should not be a statute of limitations on [his] habeas petition" because he alleges an ongoing violation that occurs every time

he is denied an annual parole review. Twenty-eight U.S.C. § 2244(d)(1), however, does not contain any "ongoing harm" exception. Moreover, even if it could be said that a new claim for relief accrues every times Maynard is denied an annual parole hearing, Congress did not tie the statute of limitations in § 2244(d)(1) to the point at which a claim accrues. Cf. Petrella v. Metro-Goldwyn-Mayer, Inc., ___ U.S. ___, 2014 WL 2011574 (May 19, 2014) (interpreting 17 U.S.C. § 507(b), which provides for a three year statute of limitations from the date on which "the claim accrued"). Rather, Congress tied the statute of limitations at issue to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Here, Maynard knew or easily could have discovered the factual predicate of his claim—that his parole consideration was now governed under the amended § 332.7—after his first parole review under the amended § 332.7 in April 1998. Even were we to say Maynard could not have discovered that the frequency of his parole reviews had changed until April 1999, after a year had gone by without another parole review, at most, this would have given Maynard until April 2000 to bring this petition under § 2244(d)(1)(D).

Maynard next states in one conclusory sentence that he suffers "from Mental Illness that is a legal disability." We take this as an argument that he is entitled to equitable tolling because he suffers from a mental illness. As the district court pointed out, however, we have applied equitable tolling to § 2244(d)(1)'s statute of limitations "only in rare and exceptional circumstances." York v. Galetka, 314 F.3d 522, 527 (10th Cir. 2003). Indeed, "[e]quitable tolling of a limitations period based on mental

incapacity is warranted only in 'exceptional circumstances' that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not 'capable of pursuing his own claim' because of mental incapacity." Reupert v. Workman, 45 F. App'x 852, 854 (10th Cir. 2002) (unpublished) (quoting Biester v. Midwest Health Serv., Inc., 77 F.3d 1264, 1268 (10th Cir. 1996)). After careful review, the district court found below that "although [Maynard] was found incompetent to stand trial in 1988, he has provided no evidence, except his conclusory allegations, that his mental illness prevented him from filing a timely habeas petition. Therefore, equitable tolling is not justified." We agree with the district court's assessment.

Finally, Maynard argues that "newly discovered evidence" justifies tolling the statute of limitations. He claims he has evidence to show that Oklahoma authorities knew the amended § 332.7 violated the *Ex Post Facto* Clause, and that these authorities conspired to hide this information from inmates and the public. The claim is utterly belied by our holding, over a decade ago, that the amended § 332.7 does not violate the *Ex Post Facto* Clause. See Henderson v. Scott, 260 F.3d 1213, 1217 (10th Cir. 2001); see also Maynard v. Fallin, ___ Fed. App'x ___, 2014 WL 1677982 (Apr. 29, 2014) (unpublished) (affirming the denial of Maynard's related 42 U.S.C. § 1983 claim because § 332.7 does not violate the *Ex Post Facto* Clause and stating "Our agreement with the district court's finding of no constitutional violation leads ineluctably to the conclusion that Mr. Maynard's § 1983 conspiracy claim is not viable.").

For the reasons set forth above, Maynard's request for a COA is DENIED and his appeal is DISMISSED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge