**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 16, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JEWEL WESLEY GIST,

      Petitioner - Appellant,

v.

EDWARD EVANS, Interim Director,
Oklahoma Department of Corrections,

      Respondent - Appellee.

No. 14-5007
(D.C. No. 4:13-CV-00083-JED-TLW)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **GORSUCH**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

---

      Jewel Wesley Gist, an Oklahoma state prisoner proceeding pro se, seeks a

Certificate of Appealability ("COA") in order to appeal the dismissal of his 28 U.S.C.

§ 2254 habeas petition. Exercising our jurisdiction under 28 U.S.C. §§ 1291 and

2253(a), we deny Mr. Gist a COA and dismiss the matter.

## I.    Background

      On August 6, 2001, Mr. Gist was convicted in Oklahoma state court on his

pleas of guilty to larceny of an automobile, and second-degree burglary. He was

---

[*]    This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentenced that day to a twenty-year term of imprisonment on each count, to be served concurrently, with ten years suspended. Mr. Gist did not file an application to withdraw his guilty pleas or otherwise directly appeal his convictions to the Oklahoma Court of Criminal Appeals ("OCCA"). *See* Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App. (requiring a defendant to file an application to withdraw a guilty plea within ten days from the pronouncement of the Judgment and Sentence in order to appeal from any conviction on a plea of guilty).

Beginning in July 2003 and continuing through December 2006, Mr. Gist filed multiple post-conviction applications for relief in Oklahoma state district court, but all were denied. In his third application for post-conviction relief, filed in February 2006, Mr. Gist sought to withdraw his guilty pleas. He argued for the first time that his ten-year suspended sentence was an "illegal" sentence under Okla. Stat. tit. 22, § 991a(C) (1995) and *Bumpus v. State*, 925 P.2d 1208 (Okla. Crim. App. 1996), because he had multiple prior felony convictions that made him ineligible for a suspended sentence. R. at 18. The state district court denied relief, and Mr. Gist's appeal from this denial to the OCCA was dismissed as untimely. Mr. Gist raised unsuccessfully the issue of his allegedly illegal suspended sentence in later applications for post-conviction relief filed in September and December 2006, and he did not appeal from these orders to the OCCA.

In July 2010, after Mr. Gist's release from prison in January 2010 on probation, the State filed an application to revoke Mr. Gist's suspended sentence, arguing that he had violated the terms of his probation. The state district court held hearings on the matter, at which time Mr. Gist again raised the issue of an illegal suspended sentence. Even so, he declined to seek to withdraw his guilty pleas. In June 2011, the state district court granted the State's application to revoke and revoked five years of Mr. Gist's ten-year suspended sentence. Mr. Gist appealed the revocation order to the OCCA, and it affirmed.

On February 18, 2013, in the United States District Court for the Northern District of Oklahoma, Mr. Gist filed a pro se federal habeas petition under 28 U.S.C. § 2254. He argued that revoking his suspended sentence violated his right to due process of law because the state district court lacked jurisdiction under Oklahoma state law to suspend a portion of his original sentence and, therefore, the suspended sentence was "[v]oidable at its inception," R. at 24. He further argued that he had received ineffective assistance of counsel at both the trial and appellate levels. He also claimed that he did not receive a fair and impartial revocation hearing. The State moved to dismiss Mr. Gist's petition as time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The district court found the petition untimely under 28 U.S.C. § 2244(d), dismissed it, and denied a COA. Mr. Gist now seeks a COA from this court on the same grounds raised in his § 2254 petition.

## II.    Discussion

Before Mr. Gist can challenge the district court's dismissal of his habeas petition, he must first obtain a COA.  *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253(c)(1)(A).  The granting of a COA is a jurisdictional prerequisite to his appeal.  *See Miller-El*, 537 U.S. at 336.  We will only issue a COA upon "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When, as here, a district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  We review a district court's denial of a habeas petition based on 28 U.S.C. § 2244(d) de novo.  *See Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007).  We liberally construe Mr. Gist's pro se request for a COA.  *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

The AEDPA governs Mr. Gist's petition.  It establishes a one-year limitations period for state prisoners to seek federal habeas relief.  *See* 28 U.S.C. § 2244(d)(1).  Generally, the limitations period runs from the date on which the state judgment became final after direct appeal or the expiration of the time for seeking such review.  *See id*. § 2244(d)(1)(A).  The statute delays commencement of the limitations period

when (1) state action unlawfully impeded the prisoner from filing his habeas application; (2) the prisoner asserts a constitutional right newly recognized by the Supreme Court and made retroactive on collateral review; or (3) the factual predicate for the prisoner's claim could not previously have been discovered through due diligence. *See id*. § 2244(d)(1)(B)-(D). It also tolls the limitations period during the pendency of a properly filed application for state collateral relief. *See id*. § 2244(d)(2).

The district court determined that because Mr. Gist did not move to withdraw his guilty pleas in order to commence a direct appeal from his convictions, his convictions became final on August 16, 2001, ten days after entry of his Judgment and Sentence. *See* Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App. It observed, and we agree, that in his habeas petition Mr. Gist does not challenge the revocation of his suspended sentence, but instead challenges the imposition of the suspended sentence as part of his original sentence in 2001. Accordingly, the AEDPA one-year limitations period began to run on August 17, 2001. The district court found that to be timely, Mr. Gist needed to have filed his habeas petition by August 19, 2002.[1] *See United States v. Hurst*, 322 F.3d 1256, 1259-61 (10th Cir. 2003) (providing that AEDPA one-year limitations period is calculated by the anniversary method). It further found that his applications for

---

[1] Because August 17, 2002, fell on a Saturday, Mr. Gist's deadline for filing a federal habeas petition was Monday, August 19, 2002. *See* Fed. R. Civ. P. 6(a)(3)(A).

post-conviction relief in state court did not toll the limitations period, *see* 28 U.S.C. § 2244(d)(2), because these applications were all filed after expiration of the one-year limitations period. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). The district court concluded that Mr. Gist's habeas petition, filed on February 18, 2013, was therefore untimely. It also found that Mr. Gist made no argument that he was entitled to equitable tolling.

In his Combined Opening Brief and Application for Certificate of Appealability, Mr. Gist does not demonstrate that the dismissal of his habeas petition as untimely is debatable. Indeed, he does not address the untimeliness of his petition at all. Nevertheless, we examine the question but conclude that jurists of reason could not debate the correctness of the district court's procedural ruling finding Mr. Gist's habeas petition untimely under § 2244(d). *See Slack*, 529 U.S. at 484. We thus need not reach the question whether jurists of reason could debate whether Mr. Gist's petition states a valid constitutional claim. We note, however, that although Mr. Gist identifies the issue of his allegedly illegal suspended sentence as a "due process" violation, the claim amounts to a challenge of a pure issue of state law and, therefore, cannot be the basis of federal habeas relief. *See Johnson v. Mullin*, 505 F.3d 1128, 1141 (10th Cir. 2007) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state-law questions." (internal quotation marks omitted)); *Turrentine v. Mullin*, 390 F.3d 1181, 1195-96 (10th Cir. 2004) ("[A] federal court under § 2254 may not grant relief unless there was an error

of federal law, in other words, unless this error amounted to a violation of the federal constitution.").[2]

### III.     Conclusion

For the foregoing reasons, we deny Mr. Gist's request for a COA and dismiss this matter.  We deny as moot Mr. Gist's motion for release from incarceration pending appeal.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

---

[2]     In his appeal from the state district court's revocation order, the OCCA rejected Mr. Gist's claim that his suspended sentence was illegal under Oklahoma state law.  *See* R. at 144, 147-49.  As noted, however, we will not review issues of purely state law on federal habeas review.