**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 27, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILLIAM ALEXANDER MAY,

Petitioner-Appellant,

v.

JOE ALLBAUGH,

Respondent-Appellee.

No. 17-7050
(D.C. No. 6:16-CV-00391-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY AND DISMISSING THE APPEAL**
_____

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

Mr. William May pleaded nolo contendere on state drug charges. Years later, Mr. May sought habeas relief on grounds that

- he had been told the incorrect sentencing range,

- he had been wrongfully denied an appeal, and

- he had been denied effective assistance of counsel.

The district court dismissed the habeas action as time-barred, and Mr. May requests a certificate of appealability so that he can appeal. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a certificate of appealability for a state prisoner to appeal the denial of habeas relief). We deny this request.

We can issue the certificate if reasonable jurists could debate the validity of the constitutional claim and the correctness of the district court's ruling on timeliness. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In our view, the district court's ruling is not reasonably debatable.

The habeas action is subject to a one-year period of limitations. 28 U.S.C. § 2244(d). This period started to run when Mr. May's conviction became final. 28 U.S.C. § 2244(d)(1)(A). We thus consider when the conviction became final. Mr. May entered a plea of nolo contendere on June 30, 2011, but he did not seek a timely withdrawal of his plea or a direct appeal. Thus, his conviction became final on August 22, 2011, ten days after the entry of judgment. *See* Okla. Ct. Crim. App. R. 4.2(A); *Gordon v. Franklin*, 456 F. App'x 739, 742 (10th Cir. 2012) (unpublished). The one-year period ended on August 23, 2012. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (holding that the statutory year begins to run on the day after the judgment becomes final). But Mr. May waited over four years, after the end of the limitations period, before filing a habeas action.

The limitations period can sometimes be tolled based on a statute or equity. But Mr. May has not shown a basis for tolling.

First, Mr. May cannot take advantage of the statutory tolling provision. This provision applies while a state post-conviction application is pending. 28 U.S.C. § 2244(d)(2). But Mr. May waited until August 20,

2

2013, to seek post-conviction relief. By then, a habeas petition would already have been over a year late. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by [§ 2244(d)(1)] will toll the statute of limitations.").

Second, Mr. May did not allege equitable tolling. Generally, a petitioner may extend the statute of limitations through equitable tolling if the petitioner establishes: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). But Mr. May has not alleged equitable tolling either in district court or in our court. Thus, the limitations period is not equitably tolled.

\* \* \*

The district court ruling on timeliness was not reasonably debatable. Thus, we deny the request for a certificate of appealability and dismiss the appeal.

Entered for the Court

Robert E. Bacharach
Circuit Judge

3