**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DANIEL ROBERT AKRE,

　　　　　Petitioner - Appellant,

v.

JOE M. ALLBAUGH,

　　　　　Respondent - Appellee.

No. 17-6177
(D.C. No. 5:16-CV-00665-R)
(W.D. Okla.)

**ORDER**[*]

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.

In 2008, Mr. Daniel Akre entered an *Alford* plea in Oklahoma state court on four counts of lewd molestation and one count of indecent proposal of a minor. Through this plea, Mr. Akre protested his innocence but acknowledged that the State's evidence would be sufficient to convict. *State ex rel. Okla. Bar Ass'n v. Murdock*, 236 P.3d 107, 109 n.2 (Okla. 2010).

---

[*]　This order does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

The trial court accepted the plea and sentenced Mr. Akre to 25 years' imprisonment, with half of the sentence suspended. After unsuccessfully challenging the conviction in state-court proceedings, Mr. Akre filed a federal habeas petition in June 2016. The federal district court rejected Mr. Akre's

- habeas claims and

- separate claim for an injunction against the state's enforcement of some provisions of the suspended sentence.

Mr. Akre seeks a certificate of appealability so that he can appeal the district court's order dismissing his habeas petition and claim for injunctive relief. In seeking the certificate, Mr. Akre raises five issues. We reject each of Mr. Akre's arguments and deny the certificate of appealability.

## 1.    Standard for a Certificate of Appealability

To appeal, Mr. Akre needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). We can issue this certificate only if Mr. Akre shows that the district court's ruling was debatable or wrong. *See Laurson v. Leyba*, 507 F.3d 1230, 1231-32 (10th Cir. 2007).

## 2.    The district court correctly held that eight of the habeas claims were time-barred.

The district court rejected eight of Mr. Akre's nine habeas claims because Mr. Akre had not filed the habeas petition within the one-year period of limitations. This ruling was correct.

2

Mr. Akre entered his plea on February 1, 2008, and was sentenced on March 26, 2008. He had ten days to seek withdrawal of his plea. Okla. Ct. Crim. App. R. 4.2(A); *see Gordon v. Franklin*, 456 F. App'x 739, 742 (10th Cir. 2012) (unpublished) (applying Rule 4.2(A) to an *Alford* plea entered in Oklahoma state court). Because he failed to seek withdrawal of his plea within ten days, the conviction became final on April 8, 2008. *See Gordon*, 456 F. App'x at 742.

Mr. Akre then had one year to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1)(A). Instead, he waited over eight years before filing a federal habeas petition. As a result, the habeas claims were untimely.

Mr. Akre makes various arguments regarding the eight habeas claims. For example, on his claim involving competency, he asserts that the limitations period did not start until he was given a competency hearing. But Mr. Akre provides no support for this assertion.[1]

---

[1] Mr. Akre has not argued, either in district court or our court, that his alleged incompetency would support equitable tolling. *Cf. Biester v. Midwest Health Servs.*, 77 F.3d 1264, 1268 (10th Cir. 1996) ("[T]he Tenth Circuit has never held that mental incapacity tolls the statute of limitations."); *Ebrahimi v. E.F. Hutton & Co.*, 852 F.2d 516, (10th Cir. 1988) ("We are reluctant to expand the equitable tolling doctrine to include mental incapacity or illness where no court has previously recognized such a tolling factor."); *Rantz v. Hartley*, 577 F. App'x 805, 810 (10th Cir. 2014) (unpublished) ("'[T]his circuit has yet to apply equitable tolling on the basis of mental incapacity.'" (quoting *McCall v. Wyo. Att'y Gen*, 339 F. App'x 848, 850 (10th Cir. 2009) (unpublished))). We note, however, that

3

In addition, Mr. Akre argues that his claim of ineffective assistance of counsel can proceed because the Oklahoma Court of Criminal Appeals addressed the merits in post-conviction proceedings. But this argument does not bear on the timeliness of the claim.

Mr. Akre does not present any arguments about timeliness for four of his claims:

1.      that he was not informed of Oklahoma's rule requiring him to serve at least 85% of his sentence before parole,

2.      that the District Attorney failed to carry out promises made in Mr. Akre's plea bargain,

3.      that the prosecution acted maliciously and violated the Fifth Amendment's prohibition against double jeopardy, and

4.      that past crimes should not have been used against Mr. Akre.

Finally, Mr. Akre admits that two of his claims, a *Miranda* claim and a *Brady* claim, were not timely raised. But he argues that they should be considered as part of his claim involving ineffective assistance of counsel.

\* \* \*

Eight of the habeas claims were indisputably time-barred.

---

we have repeatedly denied certificates of appealability based on arguments for equitable tolling predicated on mental illness. *See, e.g.*, *Rantz v. Hartley*, 577 F. App'x 805, 810-11 (10th Cir. 2014); *Maynard v. Chrisman*, 568 F. App'x 625, 627 (10th Cir. 2014) (unpublished); *Rawlins v. Newton-Embry*, 352 F. App'x 273, 275-76 (10th Cir. 2009) (unpublished).

4

**3.** **The district court did not need to reach the merits of Mr. Akre's claims after finding them time-barred.**

Mr. Akre also contends that the district court should have considered his habeas claims "individually, separately, and on the merits." Appellant's Opening Br. at 12. It was unnecessary for the district court to address the merits of the time-barred claims. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

**4.** **A writ of habeas corpus was unavailable as a remedy on Mr. Akre's challenge to the application of the Oklahoma Sex Offender Registration Act.**

Mr. Akre's second habeas claim challenged the application of certain provisions of the Oklahoma Sex Offender Registration Act after his release from prison. The district court rejected this claim, reasoning that it was not redressable in habeas proceedings. This ruling is not debatable.

A writ of habeas corpus provides a remedy to challenge a conviction or sentence. But Mr. Akre's second habeas claim does not address the conviction or sentence. Instead, this claim challenges the necessity of complying with the Oklahoma Sex Offender Registration Act after he finishes serving his sentence. As the district court explained, habeas

5

proceedings are not available to challenge this collateral consequence of his conviction.

**5.   Mr. Akre is not entitled to an injunction barring the Oklahoma Department of Corrections from subjecting him to polygraphs.**

Mr. Akre must take regular polygraph tests as part of his suspended sentence. In district court, he challenged this condition. But the district judge could not discern what Mr. Akre wanted, noting that it was not clear if Mr. Akre was seeking an injunction against the Oklahoma Sex Offender Registration Act's supervisory conditions or the particular conditions of his suspended sentence. The distinction matters, as the district judge noted, because Mr. Akre's request for injunctive relief must seek the same relief as his habeas petition: release from custody. *See Hicks v. Jones*, 332 F. App'x 505, 508 (10th Cir. 2009) (unpublished) (denying injunctive relief to a prisoner who sought relief on "'a matter lying wholly outside the issues in [his] suit'" (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945))).

Mr. Akre clarified this ambiguity in his appellate brief, stating that he had intended to challenge the conditions of his suspended sentence. This clarification is fatal because a challenge to his suspended sentence is time-barred. *See Gist v. Evans*, 587 F. App'x 490, 492 (10th Cir. 2014) (unpublished) (holding that the one-year limitations period under § 2244(d) began running with the inclusion of a suspended sentence as part of the

6

sentence). This suspended sentence was part of the 2008 criminal judgment, and his motion for an injunction was not filed until 2016. In light of Mr. Akre's clarification, the district court was indisputably right to deny the motion for an injunction.

**6.    Mr. Akre is entitled to proceed *in forma pauperis*.**

Mr. Akre requests not only a certificate of appealability but also leave to proceed *in forma pauperis*. We grant this request.

**7.    Conclusion**

Mr. Akre's habeas claims are not reasonably debatable. Eight of the claims are time-barred, and the ninth claim is not redressable in habeas proceedings. We therefore deny a certificate of appealability and dismiss the appeal; however, we grant leave to proceed *in forma pauperis*.

Entered for the Court


Robert E. Bacharach
Circuit Judge

7