FILED
United States Court of Appeals
Tenth Circuit

July 10, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARK SHIELDS,

    Petitioner - Appellant,

v.

R. C. SMITH, Warden; SCOTT CROW,
Director, Department of Corrections;
BOARD OF PARDON AND PAROLE,

    Respondents - Appellees.

No. 20-6000
(D.C. No. 5:19-CV-00801-D)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Applicant Mark Shields seeks a certificate of appealability (COA) to appeal the

denial by the United States District Court for the Western District of Oklahoma of his

application for relief under 28 U.S.C. § 2241.  *See* 28 U.S.C. § 2253(c)(1)(A) (requiring

COA for state prisoner to appeal denial of relief under § 2241).  We deny a COA and

dismiss the appeal.

In 1984 Applicant was convicted of first-degree murder and sentenced to life

imprisonment.  On August 30, 2019, Applicant filed an application for relief asserting

_____

[*]  This order is not binding precedent except under the doctrines of law of the case, res
judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

that he is entitled to the parole procedures that existed at the time of his conviction and that he has been improperly denied the application of good-time credits to his sentence. Although Applicant styled his application as being under 28 U.S.C. § 2254, the district court properly construed his filing as an application for relief under § 2241 because he challenges the execution of his sentence. *See Yellowbear v. Wyoming Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Section § 2241 is a vehicle . . . for attacking the execution of a sentence. A § 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence." (citations omitted)).

The magistrate judge reported that none of Applicant's issues had merit and also recommended that the application be dismissed without prejudice as untimely. Because Applicant filed objections to the magistrate judge's Supplemental Report and Recommendation, the district court reviewed the issues de novo. The district court agreed with and adopted the Supplemental Report and Recommendation in its entirety. Accordingly, it dismissed the application without prejudice and denied a COA. Applicant now seeks a COA from this court.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional

claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In 1997 the Oklahoma legislature passed the Truth in Sentencing Act which repealed the prior parole statute and decreased the frequency of parole reconsideration for violent offenders—including those like Applicant who were convicted before the Act was enacted. *See* Okla. Stat. Ann. tit. 57, § 332.7. Applicant asserts in this court that the use of the procedures set out in the Act, as opposed to the parole procedures in place at the time of his conviction, violates his due-process rights and runs afoul of the Ex Post Facto Clause of the federal Constitution. He also claims that he was denied the application of good-time credits in violation of his right to due process.

Although the district court rejected Applicant's claims on the merits, it also determined that his parole claim was untimely because he admitted that he was considered for parole sometime in 2005 and was therefore aware by then that the frequency and nature of his parole consideration was being governed by the amended statute. Thus the one-year limitations period under 28 U.S.C. § 2244(d)(1)(D) would have expired on that claim long before his application was filed. *See Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003); *Maynard v. Chrisman*, 568 F. App'x 625, 626–27 (10th Cir. 2014).

3

Applicant has alleged various difficulties he had in learning of a legal basis for his claim, including difficulties accessing case law and other authorities. But the district court properly declined to toll the limitations period, recognizing that we have limited equitable tolling to "rare and exceptional circumstances," and have said that "a claim of insufficient access to relevant law . . . is not enough to support equitable tolling." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted).

Applicant also maintains that the district court mischaracterized his parole history when it conducted its timeliness inquiry. His claim appears to be that the district court mistakenly described Applicant as having been considered for parole in 2005 even though he was afforded only an informal "jacket review" of his application as opposed to an in-person hearing. Absent such an in-person hearing, he contends, the 2005 proceeding cannot be accurately described as "parole consideration." We disagree. Applicant apparently misunderstands the parole procedures applicable to him as a result of the amended statute. As the district court explained, the parole statute provides that all violent offenders are subject to a two-step parole process under which an individual is not entitled to anything more than a review of the report submitted by the Pardon and Parole Board ("jacket review") unless the Board votes for further consideration. *See* Okla. Stat. Ann. tit. 57, § 332.7(D)(1). Thus, a jacket review constitutes parole consideration. And, in any event, the absence of in-person review clearly alerted Applicant that he was being reviewed under the new statute.

As for Applicant's claim regarding good-time credits, the district court properly rejected it on the merits. Oklahoma law is clear that such credits may not be used to

4

reduce a term of life imprisonment. *See* Okla. Stat. Ann. tit. 57, § 138(A) ("No deductions shall be credited to any inmate serving a sentence of life imprisonment . . ."). The district court correctly concluded that Applicant is ineligible to use any earned credits and therefore would have no liberty interest in them.

No reasonable jurist could debate the district court's resolution of Applicant's application.

We **DENY** a COA, **DENY** Applicant's motion for appointment of counsel, and **DISMISS** the appeal.

Entered for the Court


Harris L Hartz
Circuit Judge

5