FILED
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANDREW HENDRICKS,

        Petitioner - Appellant,

    v.

BRUCE HOWARD, Warden,

        Respondent - Appellee.

No. 07-6274
(W.D. Oklahoma)
(D.C. No. CV-07-366-F)

---

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

---

Before **BRISCOE**, **MURPHY,** and **HARTZ**, Circuit Judges.

---

Petitioner, Andrew Hendricks, an Oklahoma state prisoner proceeding *pro se* and *in forma pauperis*, seeks a certificate of appealability ("COA") so he can appeal the district court's dismissal of the habeas corpus petition he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). On August 26, 2003, Hendricks pleaded guilty to manufacturing a controlled dangerous substance, possession of a controlled dangerous substance, maintaining a dwelling for controlled dangerous substances, and possession of drug paraphernalia. Because he did not withdraw his guilty plea or initiate a

direct appeal, Hendricks's convictions became final on September 5, 2003. *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001).

Hendricks filed the instant § 2254 petition on March 28, 2008. In the petition he raised claims that (1) his Fourth Amendment rights were violated by an illegal search and seizure, (2) his trial counsel rendered ineffective assistance, (3) he was not given *Miranda* warnings, (4) he was denied his right to due process, (5) he was mentally incapacitated during his criminal proceedings, and (6) actions taken by the state trial judge deprived him of a fair trial. Hendricks acknowledged the untimeliness of his petition under the AEDPA's one-year statute of limitations but argued he was entitled to equitable tolling because of his long history of mental illness. *See* 28 U.S.C. § 2244(d)(1); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

The § 2254 petition was referred to a magistrate judge who ordered Hendricks to show cause as to why the petition should not be dismissed as untimely. Hendricks was specifically ordered to explain how his alleged mental illness affected his ability to file a timely petition. In response to the show cause order, Hendricks asserted he suffers from bipolar disorder, manic depression, and a serious heart condition; he is not able to take lithium because it "reacts fatally" with an unnamed medication he takes for a heart condition; he has been determined to be ninety percent disabled by the Social Security Administration; and he has attempted suicide six times. In his reply, Respondent argued

Hendricks's bald allegations of mental illness were insufficient to warrant equitable tolling. *See Reupert v. Workman*, 45 F. App'x 852, 854 (10th Cir. 2002) ("Equitable tolling of a limitations period based on mental incapacity is warranted only in 'exceptional circumstances' that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not 'capable of pursuing his own claim' because of mental incapacity.").

In a thorough and well-reasoned Report and Recommendation, the magistrate judge recommended dismissing Hendricks's habeas petition as untimely. The magistrate judge noted that Hendrick has not been adjudicated incompetent, he did not claim to have been institutionalized for mental incapacity, and he was able to pursue state court post-conviction relief shortly after the AEDPA limitations period ended. Additionally, the record contradicted Hendricks's allegations that he was not taking lithium, and many of Hendricks's other allegations regarding his mental condition were conclusory. After reviewing the magistrate judge's recommendation and considering Hendricks's objections, the district court adopted the recommended ruling and dismissed Hendricks's § 2254 petition.

To be entitled to a COA, Hendricks must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district

court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). This court reviews the district court's decision on equitable tolling of the limitations period for abuse of discretion. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

Our review of the record demonstrates the district court's dismissal of Hendricks's § 2254 petition as untimely is not deserving of further proceedings or subject to a different resolution on appeal. Accordingly, this court **denies** Hendricks's request for a COA and **dismisses** this appeal.

Entered for the Court

ELISABETH A. SHUMAKER, CLERK