FILED
United States Court of Appeals
Tenth Circuit

May 19, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ABEL SAENZ-JURADO,

        Petitioner-Appellant,

v.

PEOPLE OF THE STATE OF
COLORADO; DOUGLAS N. DARR,
Adams County Sheriff Department;
CHARLES SCOTT CRABTREE,
District Judge; and JOHN W.
SUTHERS, Attorney General of the
State of Colorado,

        Respondents-Appellees.

No. 08-1428
(D.C. No. 1:08-CV-01354-ZLW)
(D. Colo.)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Abel Saenz-Jurado requests a certificate of appealability ("COA")

following the district court's denial of his 28 U.S.C. § 2254 application for a writ

of habeas corpus.  The district court denied the application because it was time

barred under § 2244(d)(1).  For substantially the same reasons as the district court, we deny Saenz-Jurado's request for a COA and dismiss the appeal.[1]

**I**

On August 16, 1994, Saenz-Jurado pleaded guilty in Colorado state court to one count of unlawful distribution of a schedule II controlled substance.  On December 6, 1994, he was sentenced to ninety days' confinement and four years' probation.  Saenz-Jurado did not appeal.

On May 29, 1997, Saenz-Jurado's probation was revoked, and he was sentenced to four years in a community corrections program.  On September 15, 1999, the community corrections program requested a warrant, claiming that Saenz-Jurado had failed to comply with program requirements.  Saenz-Jurado alleges that he was then arrested by federal authorities on September 16, 1999, and subsequently charged with possession of 500 or more grams of cocaine.  After pleading guilty to the federal charge, he was sentenced to 159 months' imprisonment and transferred to a federal prison in Texas to serve his federal sentence.  On October 24, 2000, Colorado state officials filed a detainer against Saenz-Jurado seeking his return to Colorado following his release from federal custody.

---

[1] On February 20, 2009, this court issued a show cause order directing Saenz-Jurado to demonstrate why his notice of appeal from the judgment of the district court was timely.  Having reviewed his response, we conclude that, under the prison mail box rule, see Fed. R. App. P. 4(c), the notice of appeal was timely filed, and we proceed to consider Saenz-Jurado's request for a COA.

On November 1, 2002, Saenz-Jurado commenced a state collateral proceeding challenging his Colorado conviction for unlawful possession of a schedule II controlled substance. On August 23, 2005, the petition was denied as untimely by the Colorado district court. The intermediate appellate court affirmed on March 22, 2007, and on November 5, 2007, the Colorado Supreme Court denied his petition for a writ of certiorari.

Thereafter, on June 10, 2008, Saenz-Jurado filed the instant application for writ of habeas corpus under § 2254 in the United States District Court for the District of Colorado. His § 2254 application was denied based on the one-year limitations period in § 2244(d)(1). Saenz-Jurado then requested a certificate of appealability from the district court, moved for appointment of counsel, and applied for leave to proceed in forma pauperis ("IFP") on appeal. The district court denied all three requests on November 6, 2008. He now seeks a COA from this court and once again requests appointment of counsel and leave to proceed IFP on appeal.

## II

Because the district court denied his habeas application as well as his request for a COA, Saenz-Jurado may not appeal the district court's decision absent a grant of a COA by this court. § 2253(c)(1)(A). To obtain a COA, Saenz-Jurado must make a "substantial showing of the denial of a constitutional right." § 2253(c)(2). When the district court denies a habeas application on

- 3 -

procedural grounds without reaching the underlying constitutional claims, as it did here, a petitioner is not entitled to a COA unless he can show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appellate court has discretion to resolve either the procedural or the substantive issue first. Id. at 485.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on § 2254 habeas claims. § 2244(d)(1). In the usual case, the period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The state court entered judgment against Saenz-Jurado on December 6, 1994. He did not appeal. Thus, Saenz-Jurado's conviction became final and AEDPA's one-year limitations period began to run on January 20, 1995, forty-five days after judgment was entered against him. See Colo. App. R. 4(b) (requiring that a notice of appeal from a state criminal conviction be filed within forty-five days of the entry of judgment). As a result, Saenz-Jurado was required to file his federal habeas application by January 20, 1996. See § 2244(d)(1). Because he did not file the present application until June 10, 2008, given the absence of the benefit of more than twelve years of tolling, it is time barred under AEDPA.

Construing his request for a COA liberally, as we must, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Saenz-Jurado urges that we consider the limitations period equitably tolled on at least five bases: (1) he did not know how to read or write in either English or Spanish, (2) he lacked access to legal materials, (3) he suffered from mental illness, (4) he could not appeal his state conviction because his attorney had a conflict of interest, and (5) he is actually innocent. He also wishes to appeal the district court's refusal to appoint counsel.

Equitable tolling may be proper in rare and exceptional circumstances. Coppage v. McKune, 534 F.3d 1279, 1280 (10th Cir. 2008). Such circumstances may arise when a petitioner "diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." United States v. Gabaldon, 522 F.3d 1121, 1124 (10th Cir. 2008) (quotation omitted).

First, Saenz-Jurado contends he is entitled to tolling because he did not know how to read or write in either English or Spanish. But Saenz-Jurado only states that despite extensive studying, he has not yet been able to pass the GED exam. Although not written in perfect English, his federal collateral attack has been accepted and understood by the courts. He has pointed to no evidence beyond his bare assertion that he would not have been able to file a similarly intelligible pleading at an earlier time. See Yang v. Archuleta, 525 F.3d 925,

929-30 n.7 (10th Cir. 2008). The record does not support the conclusion that his language difficulties are extraordinary.

Second, and relatedly, Saenz-Jurado claims to have lacked access to legal materials because of his language deficiencies and because of various transfers between different federal facilities. To justify tolling under AEDPA, "[i]t is not enough to say that the [correctional] facility lacked all relevant statutes and case law." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998). Nor is there a constitutional duty to provide access to legal materials in a prisoner's preferred language. Yang, 525 F.3d at 930. Thus, Saenz-Jurado's lack of access to legal materials cannot support the necessary tolling under AEDPA.

Third, Saenz-Jurado claims he is entitled to tolling because he suffered from mental illness. However, his allegations on this point are conclusory and lack support in the record. For example, in his brief to this court, Saenz-Jurado does not indicate from what mental illness he suffered; rather, he summarily asserts that he has seen a psychologist and that he could not timely file his application because of "mental illness." Cf. Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1268 (10th Cir. 2008) (holding that equitable tolling on the basis of mental illness must be based on exceptional circumstances such as adjudged incompetence or institutionalization). Thus, he has failed to demonstrate that his mental condition constitutes an extraordinary condition. See Gabaldon, 522 F.3d at 1124.

Fourth, Saenz-Jurado argues that his state trial attorney had a conflict of interest because the attorney was simultaneously representing a co-defendant. We reject this argument because Saenz-Jurado has not explained how this alleged conflict of interest (which also appears to be one of the substantive bases for the habeas relief he seeks) prevented him from timely filing his federal habeas application.

Fifth, equitable tolling is also appropriate when a defendant is actually innocent of the crimes of which he was convicted. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Saenz-Jurado argues that he is innocent because the cocaine he was convicted of distributing belonged to someone else. But given his concession that the cocaine was found inside the vehicle he was driving (even though it was also occupied by another individual), he has made no showing that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him" of the offense. Bousley v. United States, 523 U.S. 614, 623 (1998) (quotation omitted). Further, Saenz-Jurado's claim that the state court did not establish a factual basis for his conviction faces the same deficiency; he does not make the required showing of actual innocence.

Finally, Saenz-Jurado challenges the district court's refusal to appoint counsel. Unless the district court determines that an evidentiary hearing is required, a habeas petitioner does not have a right to counsel at this stage. Engberg v. Wyoming, 265 F.3d 1109, 1122 n.10 (10th Cir. 2001). The decision

to appoint counsel is thus within the sound discretion of the district court.  <u>Id.</u> at 1122.  Our review of the record does not reveal a reason to disturb the exercise of that discretion in this case.

### III

Accordingly, jurists of reason would not find debatable the district court's conclusion that Saenz-Jurado's habeas application was time barred.  Saenz-Jurado's application for a COA is **DENIED**, and his appeal is **DISMISSED**.  His motion for appointment of counsel is **DENIED**.  Because we agree with the district court that this appeal is not taken in good faith, his motion to proceed IFP on appeal is **DENIED**.  <u>See</u> 28 U.S.C. § 1915(a)(3).

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge