FILED
United States Court of Appeals
Tenth Circuit

June 25, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

KEVIN R. McCALL,

      Petitioner - Appellant,

v.

WYOMING ATTORNEY GENERAL;
ROBERT O. LAMPERT, Director,
Wyoming Department of Corrections,

      Respondents - Appellees.

No. 09-8031
(D.C. No. 08-CV-00161-WFD)
(D. Wyo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant Kevin McCall, a state inmate appearing pro se, seeks a

certificate of appealability ("COA") allowing him to appeal the denial of his

petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. The

district court dismissed the action as untimely under the one-year limitations

period contained in 28 U.S.C. § 2244(d)(1). Mr. McCall argues that the

limitations period should be equitably tolled because he was mentally

incompetent due to prescription drugs and was unable to initiate his habeas

action. Because the district court's conclusion that Mr. McCall's claims are time-

barred is not reasonably debatable, we deny a COA and dismiss the appeal.

Mr. McCall pled nolo contendere to two counts of second-degree sexual assault in violation of Wyo. Stat. Ann. § 6-2-303(a)(vi) and two counts of indecent liberties with a minor in violation of Wyo. Stat. Ann. § 14-3-105(a) (repealed 2007). 1 R. Doc. 18, Ex. 2 at 1. The judgment was filed by the trial court on April 15, 2003. See 1 R. Doc. 28 at 5. Mr. McCall had thirty days to file a notice of appeal in the trial court, Wyo. R. App. P. 2.01(a); those thirty days expired without an appeal. Accordingly, the judgment and sentence became final on May 15, 2003. Mr. McCall subsequently filed a state habeas petition on September 28, 2007. See 1R. Doc. 18, Ex. 2 at 1. The state court denied his petition on January 23, 2008. 1 R. Doc. 18, Ex. 2 at 5. Mr. McCall then filed the instant federal habeas action on June 23, 2008. 1 R. Doc. 1. However, the district court dismissed the petition as time-barred. 1 R. Doc. 28 at 7. Mr. McCall now seeks a COA from this court.

In order for this court to grant a COA, Mr. McCall must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court's denial of habeas relief is based on procedural grounds, he must show that jurists of reason would find it debatable (1) whether the district court was correct in its procedural ruling, and (2) whether the petition stated a valid claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). If he cannot make a threshold showing on the procedural issue, we need not address the constitutional issues. Id.

Under 28 U.S.C. § 2244(d)(1), a one-year limitations period applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. According to § 2244(d)(1), this period begins to run at the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]
>
> . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the time when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

It is clear that Mr. McCall's habeas action is untimely under § 2244(d)(1)(A), given that he did not file his federal habeas action until 2008 even though the judgment became final on May 15, 2003. See 1 R. Doc. 1; 1 R. Doc. 28 at 5; Wyo. R. App. P. 2.01(a). Further, no statutory tolling of the one-year limitations period applies, because Mr. McCall did not file his state habeas action until after the limitations period had already expired. However, Mr. McCall argues that the limitations period should be equitably tolled because he was mentally incompetent due to various drugs that he had been prescribed. Alternatively, he argues that the statutory limitations period did not begin to run

-3-

in 2003 because he could not have discovered the factual predicate of his claim until he became competent. See 28 U.S.C. § 2244(d)(1)(D).

Insofar as the equitable tolling argument is concerned, this circuit has yet to apply equitable tolling on the basis of mental incapacity. See Brown v. Dinwiddie, 280 F. App'x 713, 715 (10th Cir. 2008) (unpublished) (citing Harms v. I.R.S., 321 F.3d 1001, 1006 (10th Cir. 2003)). Further, even assuming that mental incapacity could justify equitable tolling, we only equitably toll the limitations period under "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted). We do not think that Mr. McCall's mere allegations that he was under the influence of medication is sufficient to demonstrate the "extraordinary circumstances beyond his control" necessary for equitable tolling. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see Wiegand v. Zavares, No. 08-1353, 2009 WL 921128, at *2 (10th Cir. Apr. 7, 2009) (unpublished) (merely taking anti-depressant medication was insufficient to demonstrate incapacity).

Mr. McCall has neither explained how the prescription medicines prevented him from bringing his claim nor submitted evidence that would show that he was incapable of pursuing his claim because of mental incapacity. See Hendricks v. Howard, 284 F. App'x 590, 591 (10th Cir. 2008) (unpublished); Reupert v. Workman, 45 F. App'x 852, 854 (10th Cir. 2002) (unpublished). While Mr. McCall argues that he was unable to submit such evidence because some of his

medical records could not be retrieved, the district court did order discovery and secured all the medical records that were available. 1 R. Doc. 28 at 6-7. The district court was not required to conduct a further evidentiary hearing before deciding not to grant equitable tolling, given that 28 U.S.C. § 2244 does not require hearings on the issue of time-bar or tolling. Fisher v. Gibson, 262 F.3d 1135, 1145 (10th Cir. 2001) (stating that an evidentiary hearing is a "matter of discretion" in the § 2244 context).

Furthermore, we note that the record before us suggests that Mr. McCall was competent at the time he entered his plea, as the state court found "nothing in the record to indicate that the prescribed medication rendered [Mr. McCall] incapable of consulting with his attorney," but rather the record "display[ed] [Mr. McCall]'s participation and understanding." 1 R. Doc. 18, Ex. 2 at 2. This finding by the state court indicates that Mr. McCall has no grounds for equitable tolling. See Reupert, 45 F. App'x at 854 ("[T]he state trial court's findings rejecting the competency claim in denying post-conviction relief may not be lightly disregarded."). For much the same reason, we conclude that 28 U.S.C. § 2244(d)(1)(A), rather than § 2244(d)(1)(D), provides the operative starting date for the limitations period in this case.

Accordingly, we DENY the request for a COA, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge