**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 31, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GEORGE TIMOTHY WHITE,

        Petitioner - Appellant,

v.

MIKE MULLIN,

        Respondent - Appellee.

No. 11-6024

(W.D. Oklahoma)

(D.C. No. 5:10-CV-01114-M)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Defendant George Timothy White, a prisoner of the State of Oklahoma, applied for a writ of habeas corpus in the United States District Court for the Western District of Oklahoma. *See* 28 U.S.C. § 2254. The district court dismissed the application as untimely. Defendant seeks a certificate of appealability (COA) from this court. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal denial of relief under § 2254). We grant his motion to proceed *in forma pauperis* but deny the application for a COA and dismiss the appeal.

**I. BACKGROUND**

Defendant pleaded guilty in Oklahoma state court to kidnaping, *see* Okla. Stat. tit. 21 § 741 (2002), and domestic-abuse assault and battery, *see id.* § 644. On October 21, 2008, he was sentenced to one year of imprisonment on the

domestic-abuse conviction and 25 years' imprisonment on the kidnaping conviction; the sentences were to be served concurrently and all but 12 years of the kidnaping sentence was suspended. Defendant did not appeal his convictions.

On April 23, 2010, Defendant filed an application in state court for postconviction relief. The application claimed that his attorney had been constitutionally ineffective and that cumulative error by the prosecutor had violated his right to due process. The trial court denied the application and the Oklahoma Court of Criminal Appeals affirmed.

Defendant then filed his § 2254 application on October 13, 2010, contending that he had received ineffective assistance of counsel and that his guilty plea had been involuntary. The State moved to dismiss on the grounds that the application was untimely and that Defendant was not entitled to equitable tolling of the limitations period. A magistrate judge agreed and recommended that the State be granted summary judgment. The district court did not receive objections from Defendant and adopted the magistrate judge's report and recommendation.

## II.  DISCUSSION

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of

the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Because it appeared that Defendant had failed to object to the magistrate judge's report and recommendation, we ordered him to file a memorandum brief addressing whether he had waived appellate review. *See Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (under firm-waiver rule, failure to file timely objection to magistrate judge's recommendation waives appellate review). He responded that he had mailed his objections on January 7, 2011, and provided a copy of a prison mail log showing that he had mailed something to the district court on that date. We need not resolve the factual dispute, however. Because no reasonable jurist could debate that the district court was correct in ruling that Defendant's § 2254 application was untimely, we do not address the waiver issue further.

Defendant pleaded guilty and was sentenced on October 21, 2008. Under the rules of the Oklahoma Court of Criminal Appeals, a defendant convicted after a guilty plea must apply to withdraw the plea within 10 days of the judgment or

no appeal can be taken. *See* Okla. R. Crim. App. 4.2(A). Because Defendant did not file an application to withdraw his plea or appeal from his conviction within the 10-day period, the conviction became final on October 31. *See Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007). Therefore, the one-year limitations period for a § 2254 application challenging his conviction expired on October 31, 2009. *See id.*; 28 U.S.C. § 2244(d)(1)(A). Although Defendant applied for state postconviction relief in April 2010, the limitations period had already expired, so tolling during the pendency of that application, *see* 28 U.S.C. § 2244(d)(2), could not benefit him, *see Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001).

Nor is Defendant entitled to equitable tolling. Defendant argues in this court that his lawyer abandoned him during the 10-day period in which he could have sought to withdraw his plea and begin the state-appeal process. In district court he also argued that it was difficult for him to understand his legal rights because he was taking medication at the time of his plea and for some time thereafter and that he was unable to access a law library until he was transferred to a correctional center after conviction. But a prisoner has no constitutional right to counsel in habeas proceedings, and Defendant has failed to point to any egregious conduct by his attorney that delayed his ability to file a § 2254 application. *See Fleming*, 481 F.3d at 1255–56. As for his contention that his medication impaired his ability to file a § 2254 application, he has failed to provide the necessary detail concerning the extent to which he was impaired and

-4-

the duration of his impairment. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support his claim of [entitlement to equitable tolling]." (alteration in original and internal quotation marks omitted)); *McCall v. Wyo. Att'y Gen.*, 339 F. App'x 848, 850 (10th Cir. 2009) ("mere allegations that [a defendant] was under the influence of medication [are not] sufficient to demonstrate the extraordinary circumstances beyond his control necessary for equitable tolling." (internal quotation marks omitted)) (unpublished); *Wiegand v. Zavares*, 320 F. App'x 837, 839 (10th Cir. 2009) (unpublished) ("Allegations of mental incompetence alone . . . are generally insufficient to warrant equitable tolling."). Similarly, Defendant arrived at the correctional center on December 24, 2008, and he does not claim that after his arrival he lacked access to a law library for the remaining 10 months of the limitations period.

Reasonable jurists could not debate the district court's determination that Defendant's § 2254 application was untimely.[1]

---

[1] In response to the State's summary-judgment motion, Defendant also argued that his claims should not be procedurally barred because they were jurisdictional and related to evidence of actual innocence (although he did not provide evidence of innocence). The magistrate judge recommended rejecting these arguments and the district court adopted that recommendation. Defendant has not pursued these arguments on appeal.

**III. CONCLUSION**

We GRANT Defendant's motion to proceed *in forma pauperis*, DENY his application for a COA, and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge