**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

VIRGIL O'BRYANT,

        Petitioner - Appellant,

v.

STATE OF OKLAHOMA,

        Respondent - Appellee.

No. 14-6073
(D.C. No. 5:13-CV-01240-C)
(W.D. Okla.)

---

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

---

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

Virgil O'Bryant, an Oklahoma state prisoner, proceeding *pro se,* seeks a certificate of appealability ("COA") to appeal the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court concluded that Mr. O'Bryant's petition, filed almost 22 years after his conviction became final in state court, is time-barred by the one-year statute of limitations applicable to petitions under § 2254. *See* 28 U.S.C. 2244(d)(1)(A). For the

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reasons stated below, we agree with the district court. Accordingly, exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Mr. O'Bryant a COA and dismiss this matter.

## BACKGROUND

On February 4, 1992, Mr. O'Bryant pled guilty to first degree murder and, pursuant to plea negotiations, was sentenced in state court to life imprisonment. He did not file a timely motion to withdraw his plea or otherwise appeal his conviction or sentence. In August 1998, some six years later, he filed an application for state post-conviction relief. The state district court denied the application on November 15, 1999. Mr. O'Bryant did not appeal that denial.

More than nine years later, on May 18, 2009, Mr. O'Bryant filed a second application for state post-conviction relief. The state district court denied that application on July 22, 2009. He appealed and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the district court on October 2, 2009. Thereafter, in July 2013, almost four years after the denial of his previous application, Mr. O'Bryant filed a third application for state post-conviction relief. The state district court denied that application in August 2013, and in October 2013, the OCCA affirmed, holding that the application was procedurally barred.

Mr. O'Bryant filed the instant federal habeas petition on November 13, 2013. The petition asserts numerous claims of error relating to his guilty plea and

representation, and errors by the state courts relating to his post-conviction proceedings together with claimed admissions by the State in those proceedings. The State moved to dismiss on the ground of untimeliness.

To excuse the untimeliness of his petition Mr. O'Bryant makes general claims of innocence, but mainly relies on assertions of incompetence and lack of legal resources. Thus, he alleged in his petition that he was "mentally incompetent" and that "[a] state medical examiner of mental health, certified petitioner was not competent to enter a plea of guilty, that evidence fully supported the medical/mental fact that this petitioner could not have committed the crime." He then asserted that the "state prison system [refused] to provide him with access to a law library with books, research materials or trained legal assistance from anyone." Pet. at 2, R. Vol. 1 at 6. In his Objections to the Magistrate's Report and Recommendation ("R&R"), he stated that "[t]estimony and evidence from N.A.M.I., post-traumatic-stress disorder experts, at 4200 Perimeter Center Drive, Suite 150, Okla. City, Okla. 73112 will prove from 1996 through 1998, petitioner suffered PTSD to require tolling in this case." Obj. to Mag. R&R at 4, R. Vol. 1 at 157.

The magistrate judge to whom the petition was assigned issued a comprehensive R&R that addressed these issues and recommended that the petition be dismissed as time-barred. In that connection the R&R considered at length and rejected all of Mr. O'Bryant's arguments for tolling or otherwise

excusing the statutory one-year time bar.  The district court adopted the R&R and dismissed the petition.  Subsequently the court denied a COA and permission to proceed on appeal without prepayment of costs or fees.  Mr. O'Bryant renews his request for both in this court.  In his COA application Mr. O'Bryant reiterates the arguments he raised in the district court, including his insistence that he be allowed an evidentiary hearing to prove his allegations.

### DISCUSSION

We may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  And where, as here, the district court dismisses a § 2254 petition on procedural grounds, we may issue a COA only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), establishes a one-year limitations period for state prisoners to seek federal habeas relief, subject to several specific exceptions.  28 U.S.C. § 2244(d).  In the ordinary case, the clock starts when the state court judgment becomes final on direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).  However, since Mr. O'Bryant was convicted in 1992 and the AEDPA was enacted on April 24, 1996, the one-year statute of limitations

commenced to run for him on that date, and, unless tolled, expired on April 25, 1997. *See Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000).

The statute effectively tolls the limitations period in cases where (1) state action unlawfully impeded the prisoner from filing his habeas application, (2) the prisoner asserts a constitutional right newly recognized by the Supreme Court and made retroactive to collateral cases, or (3) the factual predicate for the prisoner's claim could not previously have been discovered through due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D). It also expressly tolls the limitations period during the pendency of a properly filed application for state collateral relief. *Id.* at § 2244(d)(2). In addition to those statutory tolling provisions, the Supreme Court has held that AEDPA's one-year limitations period may be tolled for equitable reasons if the petitioner can show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649-650 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Finally, the AEDPA statute of limitations may be overcome by a credible claim of actual innocence. *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 1931-32 (2013). But "tenable actual innocence gateway pleas are rare," as a habeas petitioner "'must show that it is more likely than not that no reasonable juror would have convicted the petitioner in light of the new evidence.'" *Id.* at 1928, 1935 (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). Proof of

reasonable diligence is not a threshold requirement for the actual innocence exception, but "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Id*.

## A.

## Statutory and Equitable Tolling

None of the statutory tolling provisions apply to Mr. O'Bryant's petition. The State did not prevent Mr. O'Bryant from filing for federal habeas relief in a timely fashion, much less for almost 22 years. And his argument that he was prevented from doing so because of his *pro se* status, a lack of access to library facilities, or legal assistance fails both factually and legally. His claims of no access lack sufficient detail as to facility, time periods and reasons to enable any sort of factual analysis, especially since, as a practical matter, the critical time period in question covers more than five years (from conviction in 1992 through the limitations period ending in 1997). More to the point, the Supreme Court has "never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness. . . ." *Johnson v. United States*, 544 U.S. 295, 316 (2005). See also *Marsh v. Soares,* 223 F.3. 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000) (prisoner must show that the prison actively "prevented him from learning about" the procedural rules).

Mr. O'Bryant cites a multitude of cases without showing that any of them conferred a constitutional right newly recognized by the Supreme Court and made retroactive to collateral cases in any way relevant to his case. Further, he has not made a plausible showing that the factual predicate for his claim of mental incompetence could not have been discovered prior to 1997 through the exercise of due diligence, especially since he is asserting a condition he supposedly suffered from at the time of his conviction and, therefore, during his life preceding the crime.

Finally, Mr. O'Bryant gets no help from the tolling allowed for periods during the pendency of a properly filed application for state collateral relief. 28 U.S.C. § 2244(d)(2). That tolling applies only to applications filed before the federal limitations period has run, in this case, applications filed prior to April 1997. See *Gibson*, 232 F.3d at 806. As indicated above, his applications, filed in 1998, 2009, and 2013, were well after the statute of limitations had run. *See Clark v. Oklahoma,* 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed withing the one year allowed by AEDPA will toll the statute of limitations."). It follows that tardy post-conviction applications in state court do not start a new limitations period running within which a federal application can be timely filed. Such a rule would swallow the one year statute of limitations period prescribed by § 2244(d). It also follows that federal courts do

not consider the claims raised in state post-conviction applications filed after the limitations period, including permitted extensions for tolling, have run.

With respect to equitable tolling, Mr. O'Bryant has shown neither that some extraordinary circumstance prevented him from timely seeking federal habeas relief, nor that he has been pursuing his rights diligently given that almost 22 years elapsed from his conviction to his federal filing and that the intervening period was marked by inactivity. As the district court put it:

> Petitioner waited until August 1998–well over a year after his statute of limitations expired–to file his first application for post-conviction relief, and then he did not appeal that application's denial. He then waited almost eleven years, until May 2009, before seeking relief in state court again. And, after the OCCA affirmed state court's denial of that application in October 2009, Petitioner waited another three years to file a third application for post-conviction relief. In all, it took Petitioner sixteen years *after* his statute of limitations expired to file his federal habeas petition. So, it is clear . . . that Petitioner has not diligently pursued his claims for purposes of equitable tolling.

R&R at 13-14; R. Vol. 1 at 151-52.

Mr. O'Bryant argues that his mental incompetence and claim of innocence based upon that condition qualify as an extraordinary circumstance that prevented him from filing. But those claims are remarkably general and conclusory. Mental incompetence, and even a late assertion of PTSD, covers a broad spectrum of more specific conditions. And within those specific conditions there are degrees of severity, functionality, and duration, all of which also include treatments, medications and much more. As a result, federal courts will apply equitable

tolling because of a petitioner's mental condition only in cases of profound mental incapacity such as that resulting in institutionalization or adjudged mental incompetence. *See, e.g.*, *United States v. Sosa,* 364 F.3d 507, 513 (4th Cir. 2004); *Grant v. McDonnell Douglas Corp.,* 163 F.3d 1136, 1138 (9th Cir. 1998). Mr. O'Bryant's assertions fall far short of that level of specificity and incapacity which qualify as an extraordinary circumstance that prevented him from filing for years at a time.

He also argues that the requirement that claims be exhausted in state court prior to a federal habeas filing constituted a circumstance that prevented him from filing before 2013. The argument is wrong for two reasons. First, he had five years after his conviction to begin state post-conviction proceedings and failed to do so. The onus of that delay falls on him. Second, as the Supreme Court has pointed out "[a] prisoner . . . might avoid this predicament . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until the state remedies are exhausted." *Pace,* 544 U.S. at 416.

**B.**

**Actual Innocence**

As indicated above, the Supreme Court has recognized that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to bring a habeas petition after the statute of limitations expires. *Perkins,* 569 U.S.

___, 133 S. Ct. at 1928. However, "claims of actual innocence are rarely successful." *Schlup,* 513 U.S. at 324. As relevant to this case, the petitioner must show that his guilty plea "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States,* 523 U.S. 614, 623-624 (1998). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the . . . [conviction] unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Perkins,* 569 U.S. ___, 133 S. Ct. at 1936 (quoting *Schlup,* 513 U.S. at 316). And, "a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Perkins,* 569 U.S. , 133 S. Ct. at 1935 (quoting *Schlup,* 513 U.S. at 327). Actual innocence means "factual innocence not mere legal insufficiency." *Bousley,* 523 U.S. at 623.

In making those determinations we may take into account the petitioner's diligence or lack thereof. "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing," and is "part of the assessment whether actual innocence has been convincingly shown. . . ." *Perkins,* 569 U.S. ___, 133 S. Ct. at 1935. Additionally, we may take into account the fact that the petitioner's conviction was based on a guilty plea predicated on the petitioner's representations of competence and voluntariness, and findings by the court. *United States v. Lemaster,* 403 F.3d 216, 219-20 (4th Cir. 2005).

In support of his claim of factual innocence Mr. O'Bryant's § 2254 petition states only that "[a] state medical examiner of mental health, certified petitioner was not competent to enter a plea of guilty, that evidence fully supported the medical/mental fact that this petitioner could not have committed the crime." Pet. at 2, R. Vol. 1 at 6. The petition then states that "[t]his newly discovered, is because of state withholding of the medical report, and impeding raising this actual innocence claim." *Id.*

This conclusory and speculative showing does not come close to satisfying the demanding standards set out above for the "extremely rare" case that might qualify for the actual innocence gateway to habeas review. *Schlup,* 513 U.S. at 324.

**CONCLUSION**

For the reasons stated above it is clear that reasonable jurists could not debate the district court's conclusion that Mr. O'Bryant's petition is time-barred, and the district court did not abuse its discretion in denying an evidentiary hearing. Accordingly, we DENY Mr. O'Bryant's application for a COA and DISMISS this matter. Mr. O'Bryant's motion to proceed *in forma pauperis* is DENIED. He is reminded of his obligation to pay the filing fee in full.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-11-