FILED
United States Court of Appeals
Tenth Circuit

August 28, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GEOFFREY DEL RANTZ,

   Petitioner-Appellant,

v.

STEVE HARTLEY; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

   Respondents-Appellees.

No. 13-1499
(D.C. No. 1:13-CV-00883-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Geoffrey Del Rantz, a pro se Colorado state prisoner, seeks a certificate of

appealability (COA) to appeal from the district court's order denying his application

under 28 U.S.C. § 2254. We deny a COA and dismiss the appeal.[1]

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Rantz's notice of appeal from the district court's judgment was filed two
days after the deadline. *See* Fed. R. App. P. 4(a)(1)(A) (stating that a notice of
appeal in civil cases generally "must be filed with the district clerk within 30 days
after entry of the judgment or order appealed from"). Nevertheless, when prompted
by this court, Mr. Rantz supplied proof, in the form of a Department of Corrections'
money withdrawal ticket and an inmate pass to the mailroom, indicating that he
placed his notice of appeal in the prison's legal mail system within the 30-day appeal

(continued)

In 2002 "[a] jury convicted [Mr. Rantz] of four counts of sexual assault on a child by one in a position of trust, two counts of sexual assault on a child, theft, contributing to the delinquency of a minor, criminal impersonation, false reporting, and practicing psychotherapy without a license." R. at 419. He received "an indeterminate forty-year sentence." *Id.* Mr. Rantz appealed and filed motions for a new trial and for postconviction relief under Colo. R. Crim. P. 35(c). The Colorado Court of Appeals remanded the case to the trial court, where Mr. Rantz's motions were denied. The court of appeals then affirmed Mr. Rantz's conviction and the denial of his motions, but vacated his sentence and remanded for resentencing because defense "counsel had an actual conflict of interest that adversely affected their performance at the sentencing hearing." R. at 345.

At resentencing in February 2007, the trial "[c]ourt reimposed the sentence it had originally imposed." *Id.* at 263. Counsel for Mr. Rantz did not appeal, and the time for doing so expired on March 26, 2007.

window. The notice of appeal is therefore timely under the prison mailbox rule. *See Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005) ("[A]n inmate must establish timely filing under the mailbox rule by either (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid.").

In June 2007 counsel sought an extension of time to seek sentence reconsideration. On September 27, 2007, Mr. Rantz filed a pro se Rule 35(c) motion. A docket entry indicates that four days later, the state trial court denied the motion, explaining that "[b]ecause [Mr. Rantz] [i]s [r]epresented [b]y [c]ounsel, [t]he [c]ourt [w]ill [t]ake [n]o [a]ction [o]n [the] [m]otion[ ]." R. at 168.

Mr. Rantz's counsel then filed a motion to withdraw, which was apparently granted on October 24. In November, Mr. Rantz moved pro se to disqualify the trial court and to obtain appointed counsel. The trial court denied the disqualification motion several days after it was filed and the appointment motion several months later, in February 2008.

Over two years passed before Mr. Rantz again sought relief in the trial court. On June 17, 2010, he filed pro se motions for Rule 35(c) relief and "[f]or [r]eview [o]f [f]ilings." R. at 167. The trial court denied the Rule 35(c) motion and the Colorado Court of Appeals affirmed. The Colorado Supreme Court denied his petition for a writ of certiorari on February 19, 2013.

On April 5, 2013, Mr. Rantz filed in the federal district court his application for § 2254 relief, challenging numerous aspects of the trial, appellate, and postconviction proceedings. The district court concluded that Mr. Rantz's challenges to the state postconviction proceedings did not present a cognizable federal issue. As to the remainder of the challenges, the district court found that they were untimely. It concluded that the one-year limitations period began running on March 26, 2007,

when the time to appeal the resentencing expired. And the limitations period was not tolled, the court ruled, by Mr. Rantz's second Rule 35(c) motion, which was filed pro se on September 27, 2007. But the court further ruled that even if that motion was properly filed and did toll the limitations period, Mr. Rantz abandoned it by taking "no further action to obtain a ruling on that motion until June 17, 2010, when he filed the third Rule 35(c) motion and a motion for review of filings." R. at 588. That abandonment, it held, occurred "no later than September 2008, which is one year after it was filed and more than six months after Mr. Rantz's motion for appointment of counsel had been denied." R. at 589. Any tolling from the second Rule 35(c) motion therefore was not enough to save Mr. Rantz. Even with the one-year limitations period running from September 2008, it expired before he filed his June 2010 Rule 35(c) motion. Finally, the district court rejected Mr. Rantz's attempt to equitably toll the limitations period on the bases that he was mentally incompetent and that the state trial court allowed his second Rule 35(c) motion to languish.

## DISCUSSION

### I. Standards of Review

The granting of a COA is a jurisdictional prerequisite to Mr. Rantz's appeal from the denial of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Mr. Rantz must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This is accomplished when an applicant shows "that reasonable jurists could debate whether (or, for that matter,

- 4 -

agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). And when a district court denies a petition on procedural grounds, a COA may issue only if the prisoner additionally shows that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* We liberally construe Mr. Rantz's pro se request for a COA. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), establishes a one-year limitations period for state prisoners to seek federal habeas relief, subject to several exceptions. *See* 28 U.S.C. § 2244(d). In the ordinary case, the clock starts running when the state-court judgment becomes final on direct review or on the expiration of the time for seeking such review. *See id.* § 2244(d)(1)(A).

The statute delays commencement of the limitations period when (1) state action unlawfully impeded the prisoner from filing his habeas application; (2) the prisoner asserts a constitutional right newly recognized by the Supreme Court and made retroactive on collateral review; or (3) the factual predicate for the prisoner's claim could not previously have been discovered through due diligence. *See id.* § 2244(d)(1)(B)-(D). It also tolls the limitations period during the pendency of a properly filed application for state collateral relief. *See id.* § 2244(d)(2).

- 5 -

Mr. Rantz does not contest the district court's conclusion that the one-year limitations period began on March 27, 2007 (after the time for appealing the resentencing expired). His primary contention is that the second Rule 35(c) motion, filed on September 27, 2007, stopped the limitations clock.

Mr. Rantz first challenges the district court's ruling that the second Rule 35(c) motion was not properly filed because Mr. Rantz was represented by counsel.[2] A state application for postconviction relief "is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted).

In Colorado, "[a] defendant . . . does not have a right to demand 'hybrid' or mixed representation by both counsel and the defendant, although a trial court in its discretion may permit this." *People v. Arguello*, 772 P.2d 87, 92 (Colo. 1989). Thus, a Colorado court "may ignore" filings made by a pro se defendant who is represented by counsel. *People v. Gess*, 250 P.3d 734, 737 (Colo. App. 2010) (observing that a court "may ignore a pro se 'Motion for Writ of Habeas Corpus' that is filed by a represented defendant"). Colorado's approach is not unique. *See, e.g.*, *State v. Navarro*, 243 P.3d 519, 520 (Utah Ct. App. 2010) ("Because Navarro was

---

[2] Mr. Rantz also challenges the abandonment ruling by the district court. We need not address the issue, but he is probably correct. *See Fisher v. Raemisch*, No. 13-1144, 2014 WL 3827163, at *4 (10th Cir. Aug. 5, 2014).

represented by counsel when he filed his pro se letter, the district court did not err by failing to consider the pro se letter as a properly filed motion to withdraw his guilty plea."); *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) ("[A] trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel."); *Commonwealth v. Rodgers*, 862 N.E.2d 727, 732 (Mass. 2007) ("The defendant acknowledges that, while he was still represented by counsel, the court was entitled to ignore such pro se filings.").

Here, when Mr. Rantz filed his pro se Rule 35(c) motion, his attorney of record had yet to withdraw from the case. Accordingly, the trial court ruled four days after the motion was filed that it would not act on the motion. We therefore agree with the district court that the September 27, 2007 Rule 35(c) motion had no tolling effect. *See Munchinski v. Wilson*, 807 F. Supp. 2d 242, 264-65 (W.D. Pa. 2011) (dismissal of defendant's pro se postconviction petition because defendant had counsel meant that the "petition was not 'properly filed' under the meaning of the AEDPA so as to stop the clock on the statute of limitations"), *aff'd*, 694 F.3d 308 (3d Cir. 2012). At the most, the motion only temporarily tolled the limitations period until the court clearly resolved not to accept the motion, and that decision was not appealed. The time for appeal expired 45 days after the court ruled, *see* Colo. App. R. 4(a) (2007), so the tolling ended on November 15, 2007. Because Mr. Rantz filed no other state pleading for postconviction relief until June 2010, AEDPA's one-year limitations period clearly expired.

Next, Mr. Rantz challenges the district court's refusal to equitably toll the limitations period. "To be entitled to equitable tolling, [Mr. Rantz] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks omitted). Equitable tolling is only appropriate in "rare and exceptional circumstances." *Gibson*, 232 F.3d at 808 (internal quotation marks omitted).

Mr. Rantz claims that equitable tolling is appropriate because the trial court "took no action [on his second Rule 35(c) motion] for the two year period addressed by the District Court," and because he is mentally incompetent. Application for COA at 14. The district court rejected Mr. Rantz's claim of judicial inaction, and we do so as well. As discussed above, the trial court clearly announced that it would take no action on the pro se motion. Mr. Rantz did not seek reconsideration or clarification, he did not appeal, and he did not refile the motion after his counsel withdrew on the record. Instead, he waited over two years, until June 2010, to file another Rule 35(c) motion and a motion for review of filings. As the district court aptly observed, "it was Mr. Rantz who failed to take action." R. at 591. Equitable tolling on the basis of purported judicial inaction is not available here.

As for Mr. Rantz's claim that his mental incapacity warrants tolling, federal courts equitably toll the limitations period only when there is a severe or profound mental impairment, such as that resulting in institutionalization or adjudged mental

incompetence. *See Fisher v. Gibson*, 262 F.3d 1135, 1143, 1145 (10th Cir. 2001) (petitioner's claims of mental incompetence failed to "reach the required extraordinariness as to warrant equitable tolling"); *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010); *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004); *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010); *cf. Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996) (declining to equitably toll the Title VII limitations period based on plaintiff's claim of mental illness because he failed to allege exceptional circumstances, like being "adjudged incompetent or institutionalized"). In other words, "mental impairment is not *per se* a reason to toll a statute of limitations." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). Indeed, "this circuit has yet to apply equitable tolling on the basis of mental incapacity." *McCall v. Wyo. Att'y Gen.*, 339 F. App'x 848, 850 (10th Cir. 2009); *see, e.g.*, *O'Bryant v. Okla.*, No. 14-6073, 2014 WL 2853773, at *4 (10th Cir. June 24, 2014); *Saenz-Jurado v. People of Colo.*, 329 F. App'x 197, 199 (10th Cir. 2009); *Hendricks v. Howard*, 284 F. App'x 590, 590-91 (10th Cir. 2008); *Brown v. Dinwiddie*, 280 F. App'x 713, 715 (10th Cir. 2008).

To meet his burden, Mr. Rantz states that he suffers from rapid cycling bipolar disorder, generalized anxiety disorder, posttraumatic stress disorder, and "[m]ood [d]isruption" due to hypothyroidism and vitamin B deficiency. Application for COA at 16. He claims that because of his mental disorders, "all of his previous legal work was done by hired counsel, family or by jailhouse lawyers." *Id.* at 17. Further,

- 9 -

according to Mr. Rantz, the Colorado Department of Corrections "has classified [him] as a P-3(c), which is the highest form of mental disability in the prison population." *Id.* at 14. He "has been on . . . numerous medications to treat these disorders for many years," and "[t]he medications have varying negative effects on him." *Id.* at 17.

The district court determined for three reasons that Mr. Rantz's mental conditions did not stand in the way of his timely seeking federal habeas relief. First, Mr. Rantz had the assistance of a retained attorney for a period of time following the trial court's rejection of his second Rule 35(c) motion in October 2007 and preceding the filing of his third Rule 35(c) motion in June 2010. Second, Mr. Rantz had the assistance of his family and other inmates in pursuing state postconviction relief. And third, Mr. Rantz was able to litigate the third Rule 35(c) motion from its filing in June 2010 through the conclusion of the state appellate process in February 2013 before filing his § 2254 application in April 2013.

We conclude that the district court's determination is not debatable. While Mr. Rantz undoubtedly suffers from mental disorders and the side effects of various treatment medications, those problems have not, as the district court noted, stood in the way of a timely habeas filing. In other words, Mr. Rantz has not shown that his mental disorders were the cause of the untimeliness. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (equitable tolling requires a showing "that the failure to timely file was caused by extraordinary circumstances beyond his control"); *Ross v.*

*Varano*, 712 F.3d 784, 803 (3d Cir. 2013) ("[F]or a petitioner to obtain [equitable tolling] relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition."); *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011) ("To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline."); *Bills*, 628 F.3d at 1100 (courts must "consider[ ] whether the petitioner's impairment was a but-for cause of any delay"). Consequently, equitable tolling is not available.

## CONCLUSION

We deny a COA and dismiss this appeal. We grant Mr. Rantz's motion to proceed on appeal in forma pauperis.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 11 -