**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 11, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

CHRISTOPHER FISHER,

    Petitioner - Appellant,

v.

WARDEN PACHECO; WYOMING
ATTORNEY GENERAL,

    Respondents - Appellees.

No. 21-8070
(D.C. No. 0:21-CV-00014-NDF)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **BACHARACH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

Christopher Fisher, a Wyoming state prisoner proceeding *pro se*, seeks a
certificate of appealability ("COA") so he can appeal the district court's dismissal of the
habeas corpus petition he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C.
§ 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a
§ 2254 petition unless the petitioner first obtains a COA). Because reasonable jurists
would not debate the district court's dismissal of his petition as untimely, we **deny** his
request for a COA and **dismiss** this appeal.

On August 5, 2016, Fisher shot and killed his wife in what he claimed was an act
of self-defense. He entered an *Alford* plea of guilty to second-degree murder in April
2017. In February 2018, the Wyoming Supreme Court affirmed his conviction and

sentence. *Fisher v. State*, 410 P.3d 1205 (Wyo. 2018). Intermittently over the next few years, Fisher attempted to challenge his conviction and sentence in the state courts by filing various motions and petitions, all of which were unsuccessful.

Fisher filed his federal habeas petition in January 2021. In response to the district court's order to show cause why the petition should not be dismissed as untimely, Fisher did not dispute that he failed to comply with the federal statute of limitations, but argued he was entitled to equitable tolling because (1) he had a credible claim of innocence based on evidence he killed his wife in self-defense, and (2) his mental illnesses, particularly his PTSD and battered-spouse syndrome, prevented him from diligently pursuing his rights during the statutory period. The district court rejected both arguments. The court concluded that Fisher had not made a sufficient showing of actual innocence to warrant equitable tolling because he had pled guilty to the offense and he introduced no new evidence of innocence. As for Fisher's mental-illness argument, the district court concluded Fisher's state litigation history, particularly the "cogently written" pro se motion he filed in December 2018, undermined his claim that he was unable to pursue his federal habeas claims based on mental incapacity. The court therefore dismissed Fisher's untimely habeas petition.

To be entitled to a COA, Fisher must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "[W]e review the district court's decision on equitable tolling of the limitation period for an abuse of discretion." *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

2

Fisher argues that the district court erred in rejecting his actual-innocence argument because the court overlooked newly discovered evidence that bolstered his claim of self-defense. "[A]ctual innocence is not an easy showing to make," requiring a petitioner to present "new reliable evidence" that is "powerful enough to convince a court that no reasonable juror would have voted to convict." *United States v. Cervini*, 379 F.3d 987, 992–93 (10th Cir. 2004). Here, Fisher asserts he recently found two pieces of exculpatory evidence in his pretrial discovery materials: (1) statements his young children purportedly made to the Department of Family Services that allegedly differed from the inculpatory statements they made to the police, and (2) a "cryptic notation" in a police report suggesting that Fisher's wife's diary described weapons and booby traps. Although this purported evidence may qualify as new because it was not considered by the state trial court, *see Fontenot v. Crow*, 4 F. 4th 982, 1032 (10th Cir. 2021), we are not persuaded that Fisher's conclusory hearsay descriptions of allegedly inconsistent child witness statements and his speculations regarding a "cryptic" police report can reasonably be characterized as reliable. *See Taylor v. Powell*, 7 F. 4th 920, 927 (10th Cir. 2021) ("An actual innocence claim must be based on more than the petitioner's speculations and conjectures."); *Herrera v. Collins*, 506 U.S. 390, 417–18 (1993) (rejecting actual-innocence argument based on affidavits the Court found to be "particularly suspect" because, except for one affidavit provided by an individual who was nine years old at the time of the crime, the affidavits consisted of hearsay). Moreover, "when contrasted with the corresponding evidence of guilt," the evidence described by Fisher is not "powerful enough to convince a court that no reasonable juror

would have voted to convict." *Cervini*, 379 F.3d at 992.  Accordingly, reasonable jurists would not debate the correctness of the district court's holding that Fisher is not entitled to equitable tolling based on actual innocence.[1]

As for his mental-illness argument for equitable tolling, Fisher contends the district court "misconstrued prior filings of jail house lawyers who had tried to help [Fisher] as proof of [Fisher's] mental state during the term of disability."  He asserts he did not draft any of his *pro se* state filings except for one postconviction petition; accordingly, he argues, his extensive state postconviction filings do not disprove his claim that mental illness prevented him from timely seeking federal habeas relief.  Fisher does not cite any factual support for this argument, which he raises for the first time on appeal.  *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) ("As a general rule, this court will not consider an issue not raised below."); *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("Pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." (internal quotation marks omitted)).  Moreover, regardless of who drafted Fisher's state-court filings, they demonstrate his ability to raise and litigate legal arguments for relief during the relevant time period, whether by himself or with the assistance of others, and we see no reason why he could not have availed himself of the

---

[1] We note the potential applicability of our holding in *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000), that self-defense arguments "go to legal innocence, as opposed to factual innocence."  Because neither the parties nor the district court referenced *Beavers* and because Fisher's evidence clearly falls short of the "new reliable evidence" standard discussed in *Cervini*, we do not decide whether *Beavers* might have provided an alternative basis for the district court to deny Fisher's actual-innocence argument.

same resources to file his federal habeas petition. *See Del Rantz v. Hartley*, 577 F. App'x 805, 810–11 (10th Cir. 2014) (unpublished disposition cited exclusively for its persuasive value) (holding that petitioner "has not shown that his mental disorders were the cause of the untimeliness" in filing federal habeas petition in part because he "had the assistance of his family and other inmates in pursuing state postconviction relief"); *Yang*, 525 F.3d at 929–30 (noting that "the majority of *pro se* prisoners" will require "assistance in understanding the legal process," and therefore holding that the need for assistance does not in itself warrant equitable tolling). In light of Fisher's postconviction litigation history, reasonable jurists would not debate the correctness of the district court's holding that Fisher's mental-health problems did not prevent him from filing a timely habeas petition. *See Del Rantz*, 577 F. App'x at 810–11.

Because reasonable jurists would not debate the district court's denial of equitable tolling, we **deny** Fisher's request for a COA and **dismiss** the appeal. Fisher's motion to proceed *in forma pauperis* is **granted.**

<div style="margin-left: 50%;">

Entered for the Court


Michael R. Murphy
Circuit Judge

</div>